IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN DOUGLAS TURK, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 12-651 |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 8th day of April, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

Plaintiff raises several arguments, all of which can be understood as a challenge to the ALJ's treatment of the treating-physician opinion in the record. After careful review of the record, the Court finds that this contention is without merit.

Plaintiff asserts that the ALJ erred by not giving controlling or significant weight to the opinion of Dr. Zimmerman, Plaintiff's primary care physician. It is well-established that a treating source's opinion is entitled to controlling weight only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record . . . ." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (internal quotations omitted). An ALJ may reject medical opinions which are contradicted by other medical evidence and may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where a treating physician's medical opinions are internally inconsistent or generally inconsistent with the totality of the record, the ALJ can assign such weight to the opinions as he finds to be warranted. See Money v. Barnhart, 91 Fed. Appx. 210, 213 (3d Cir. 2004); 20 C.F.R. §§ 416.927(c)(2), (d)(4). Indeed, even if "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit," but "'cannot reject evidence for no reason or for the wrong reason.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer, 186 F.3d at 429); see also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005).

Here, the ALJ found the opinion of Plaintiff's primary care physician, Dr. Zimmerman, to be unpersuasive and assigned "great weight" to the opinions of the state-agency medical consultants and program physicians insofar as they were consistent with his Residual Functional Capacity ("RFC") assessment. (R. 20-21). Dr. Zimmerman found that Plaintiff (i) would be unable "to tolerate even low stress work," (ii) could "walk one city block," (iii) "had significant restrictions in his ability to sit, stand, and walk," and (iv) experienced pain so severe that it would "frequently" interfere with his attention and concentration for even simple work tasks. (R. 445-48). The ALJ explained that he found Dr. Zimmerman's findings to be unpersuasive because he "did not provide any clinical or objective findings to substantiate his opinion" and because "his opinion appear[ed] to be based predominantly upon the claimant's subjective complaints of symptoms." (R. 21). The ALJ stated that the "[d]iagnostic studies have not revealed any findings consistent with an individual who is disabled from all employment"

and he explained how Dr. Zimmerman's findings stood in stark contrast to the other opinions in the record. (R. 21). For example, the ALJ noted how Dr. Davoli "reported in May 2010 that from a physical stand point he **could not quantify any physical limitations** but reported the claimant had a "large psychological overlay." (R. 20) (emphasis added); see also (R. 271). The ALJ also cited to the fact that Dr. Reardon, the non-examining state-agency expert, found Plaintiff capable of performing work at the **medium exertional** level. (R. 20); (R. 304).

In finding Dr. Zimmerman's opinion to be unsupported by the record as a whole, the ALJ also discussed Dr. Mills' consultative examination and his findings that Plaintiff "had strong abstract thinking" and "succeeded well in concentration and memory tasks." (R. 20). The ALJ also explained why he found the opinion of Dr. Rattan, the state-agency mental consultant and non-examining source, persuasive in this regard. Dr. Rattan opined that Plaintiff had "no restrictions in his abilities in regards to understanding and memory" and that he was not significantly limited in his ability to carry out very short and simple instructions. (R. 288). To that end, the ALJ also discussed how Plaintiff's 2011 mental status examinations "revealed normal attention span and normal concentration" and the ALJ also relied on the fact that "the last progress note in the record was in April 2011 at which time the claimant reported his anxiety was better by 40%." (R. 20).

The ALJ discussed at length why the other evidence in the record failed to support Plaintiff's complaints of disabling pain, citing to Plaintiff's activities of daily living, treatment history -- the fact that it had been conservative in nature and did not involve any pain medication, and his lack of any surgical procedure or hospitalization. (R. 21-22). The ALJ further noted that Dr. Zimmerman's opinion indicating disability was an opinion on the ultimate issue which is reserved to the Commissioner. (R. 21). Thus, in choosing to credit the opinions of the state agency examining and non-examining physicians over the opinion of Dr. Zimmerman, the ALJ relied on objective medical evidence in the record and explained his basis for his finding that Dr. Zimmerman's opinion was "inconsistent with the substantial evidence in the record." (R. 21). The Court notes that:

> The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations. See 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records . . . "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). *State agent opinions merit significant consideration as well.*

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted) (emphasis added). Like the ALJ in Chandler, the ALJ here did not merely "rubber stamp" the findings made by the state agency and program physicians, but rather included the

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record

---

findings he believed were well-supported by and consistent with the other medical evidence of record. (R. 21); see id. at 361. Indeed, as Defendant correctly points out, the ALJ gave Plaintiff the benefit of the doubt by limiting him to sedentary work with accommodations for his non-exertional limitations, because both of the agency physicians found that he had no significant physical limitations. (R. 20). After its review of the record, the Court finds that substantial evidence supports the ALJ's finding that Dr. Zimmerman's opinion was inconsistent with and unsupported by the record and it is satisfied with the ALJ's rationale underlying this finding. The Court thus finds that the ALJ's determination of non-disability enjoys the support of substantial record evidence.